# Commonwealth v. Scott, Appellant.

*Criminal law—Charge—Weight of evidence.*

1. In a criminal case the judge may in a proper way express an opinion as to the evidence, and may indicate to the jury its weight, provided the jury is permitted to render a verdict uncontrolled by the judge's opinion.

*Election law—Election officers—Failure to deliver returns—Penalty.*

2. On the trial of an indictment for failure to deliver an election return to the prothonotary, it is not error to refuse to admit in evidence a copy of the election laws sent by the county commissioners to the board of which the defendant was judge, where there is no offer to show that the defendant read the copy, or that he acted on the information alleged to have been contained in it to the effect that the returns should be made to the prothonotary's office.

3. In such a case the court cannot be convicted of error in failing to charge that the defendant could not be convicted of neglect of duty unless he failed to make the return without any legal or reasonable cause, where no request for such instruction was made in the court below.

4. The legal or reasonable cause which will excuse an election officer from the performance of his duty as required by the Act of January 30, 1874, P. L. 31, is a matter of defense, and makes the question one of evidence, and if there is a conviction, the appellate court will assume that there was no evidence of any such cause.

5. An election officer convicted under the Act of January 30, 1874, P. L. 31, of neglecting to deliver an election return to the prothonotary, may be sentenced under the provisions of sec. 33 of the Act of June 10, 1893, P. L. 419.

Argued Oct. 19, 1908. Appeal, No. 17, March T., 1909, by defendant, from judgment of Q. S. Luzerne Co., Jan. T., 1907, No. 58, on verdict of guilty in case of Commonwealth v. John Scott. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Indictment for failure to deliver election returns to the prothonotary. Before Staples, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were as follows:

1. The court erred in refusing to quash the indictment.

2. The court erred in charging the jury as follows: "We say to you that under all the testimony in this case it is the opinion of the court that this defendant did not exercise such care and caution as he ought to have done in the premises, and that he, therefore, is guilty of neglect of duty. The question, however, we leave to you, but see no reason why you should not, under all the facts and beyond a reasonable doubt, find the same as the court." [3]

3. The court erred in charging the jury as follows: "We say further to you, gentlemen of the jury, that even if you should find the defendant not guilty of the direct charge which is made in the fifteenth count of the indictment, under the law a return judge, or a judge of election who neglects any duty .

required by the act of assembly may be convicted, under this count, of neglect of duty, and the neglect of duty in this case would be the not delivering the triplicate return to the prothonotary as required by law."

5. The court erred in refusing to admit in evidence a copy of the election law sent by the county commissioners to the election board, of which the defendant was a judge, and in which law it was stated that the returns should be made to the prothonotary's office.

6. The court erred in failing to instruct the jury that the defendant could not be convicted of neglect in duty in failing to make his return to the prothonotary unless he failed to make said return to the prothonotary without any legal or reasonable cause.

7. The court erred in imposing a penalty other than the maximum fixed by the penal section of the act of 1874.

*John M. Garman,* with him *B. R. Jones, Frank A. McGuigan* and *James H. Shea,* for appellant.

No argument nor printed brief for appellee.

Opinion by Henderson, J., February 26, 1909:

This case was argued with Commonwealth v. John Havrilla, ante, p. 292, and arises out of a similar state of facts. The decision in the latter case disposes of the first assignment in this case.

The second assignment brings into question a part of the charge in which the court expressed the opinion that under the evidence the defendant was guilty of neglect of duty. There was no error in this. It has been frequently held that the judge may indicate to the jury the weight of the evidence, provided the jury is permitted to render a verdict uncontrolled by his opinion. The charge shows that the question was fully committed to the jury and there is no ground of complaint on this account.

The subject of the third assignment of error was considered and disposed of in the opinion in Havrilla's case above re-

ferred to, and reference is made thereto for our opinion on the charge of the court with regard to the form of the verdict.

The fifth assignment relates to the refusal of the court to admit in evidence a copy of the election law sent by the county commissioners to the election board of which the defendant was judge, in which copy it was stated as alleged that the returns should be made to the prothonotary's office. There was not any offer, however, to show that the defendant read the copy so sent nor that he acted on the information obtained from it. The court was not in error, therefore, in excluding the evidence.

There was no request for the instruction set forth in the sixth assignment, and the court should not be convicted of error in omitting to give it. Moreover, the legal or reasonable cause which will excuse an election officer from the performance of his duty as required by the act of 1874 is a matter of defense and makes the question one of evidence, and as the jury found the defendant guilty we must assume that there was no evidence of any such cause.

We are not persuaded that the court was in error in imposing a penalty under the thirty-third section of the Act of June 10, 1893, P. L. 419. The twenty-eighth section of that act establishes a method of counting the ballots, and declares that "a full return shall be made in the manner now provided by law of all votes cast and the total vote as soon as counted shall be publicly announced." The manner of making the return to which this provision relates is set forth in the thirteenth section of the Act of January 30, 1874, P. L. 31. The act of 1893 imposes a duty which is defined by the act of 1874. The nineteenth section of the latter act provides a penalty to be imposed upon any election officer who shall neglect or refuse to perform any duty enjoined by that act without reasonable or legal cause. The penalty imposed is $100. The provision of the act of 1893 is upon the same subject, as will be observed, and declares that for negligent or willful failure to perform any duty imposed by that act any public officer shall be guilty of a misdemeanor and upon conviction shall be sentenced to pay a fine not exceeding $1,000, or to undergo an imprisonment for

not more than one year, or both, at the discretion of the court. As this act imposes the duty upon the election officers of making a return the negligent omission so to do becomes a misdemeanor, punishable as above quoted. It is not essential that the manner in which the return is to be made should be set forth at length in the statute. If it is sufficiently declared in the act of 1874, to which reference is made, the offense may be punished under the act of 1893. The penalties for neglect of duty in the two statutes are different, and we are of the opinion that the penalty provided in the act of 1893 applies to the charge of neglect of duty in making an election return.

The judgment is affirmed.